UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS R. RIOS, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>AMERICAN HOME MTG SERVICES INC., *et al.*,<br><br>   Defendants. | Case No. 12-cv-1861-L(BGS)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On July 6, 2012, Plaintiffs Phyllis R. Rios and Ernesto Rios Sr. commenced this foreclosure action against Defendants American Home MTG Services Inc., also known as Homeward Residential, and Power Default Services, Inc. in the San Diego Superior Court. Plaintiff alleges eight causes of action related to real property located in El Cajon, California. On July 27, 2012, Defendants filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff."  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010).  "In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  *Id.* (quoting 28 U.S.C. § 1332(c)(1)).  "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation."  *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision) (emphasis added).

      In the Notice of Removal, Defendants identify Plaintiffs as "domiciled in California at the time of filing." (Removal Notice ¶ 3.)  They also identify Homeward Residential as a citizen of Texas because it is headquartered in Coppell, Texas at the time of filing, and Power Default Services also as a citizen of Texas because it is headquartered in Irving, Texas.  (*Id.* ¶¶ 3–4.)  Defendants do not identify either Defendants' state of incorporation in the Notice of Removal.  Looking beyond the Notice of Removal, neither party provides any additional evidence, and a closer inspection of the underlying complaint shows that Plaintiffs allege that Homeward Residential is a Delaware corporation with its principle place of business in Road Coppell, Texas.  (Compl. ¶ 2.)  However, Plaintiffs only allege that Power Default Services "is and at all times relevant hereto was a corporation actively conducting business within the State of California." (*Id.* ¶ 3.)  That allegation suggests Power Default Services' principle place of business is California, which would make it a California citizen, thereby defeating complete diversity.  Setting that aside, neither the Notice of Removal nor the complaint identifies the state of incorporation for Power Default Services.  In order to establish jurisdiction for a corporation, Power Default Services' principle place of business *and* state of incorporation must be alleged.  *Tosco*, 236 F.3d at 499.  But the latter is missing here, and thus, there is doubt as to the right of removal in the first instance.  *See Gaus*, 980 F.2d at 566.

//

3

12cv1861

### III. CONCLUSION & ORDER

In light of the foregoing, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, the Court **VACATES** the order dismissing this action (Doc. 7) because it lacked jurisdiction at the time, and **REMANDS** this action to the San Diego Superior Court.

**IT IS SO ORDERED**.

DATED: September 21, 2012

M. James Lorenz
United States District Court Judge

COPY TO:
HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL